PER CURIAM.
|) After remand of this matter by the court in ANR Pipeline Co. v. Louisiana Tax Com’n, 05-1142 (La.App. 1 Cir.9/7/05), 923 So.2d 81, 92 (ANR VI), this court, in ANR Pipeline Co. v. Louisiana Tax Com’n, 11-2078 (La.5/8/12), 94 So.3d 734 (ANR IX), held that the Louisiana *577 Tax Commission (LTC) remained charged with the constitutional and statutory duty of determining the reassessment valuations and reassessing the public service properties in question. Each of these consolidated cases was brought against the taxpayers and/or the LTC by an assessor, seeking review of the final determination that was made by the LTC on November 23, 2009, as supplemented. In that respect, these cases are procedurally similar in posture to Gisclair v. Louisiana Tax Com’n, 10-0563 (La.9/24/10), 44 So.3d 272 (Gisclair II).
Interpreting La. R.S. 47:1856(G),[2] this court, in a per curiam opinion in Gisclair II, found that the right to bring an “as applied” challenge regarding the tax valuation of public service property belongs to public service taxpayer alone. Gisclair II, 10-0563 at 7-10, 44 So.3d at 279-80. Under the rationale of Gisclair II, the assessors in the instant consolidated cases cannot circumvent the constitutional Land statutory framework relating to the assessment of public service properties by filing petitions for judicial review in their home parishes pursuant to La. R.S. 47:1998 in connection with the reassessment valuations in question.
Having failed to disclose in their petitions a right of action in a plaintiff, the district courts erred in overruling the taxpayers’ exception of no right of action in each of these proceedings. The lower courts further erred in considering the merits of the assessors’ claims and/or transferring any such claims to the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Moreover, because the grounds of these exceptions cannot be removed by amendment, we dismiss with prejudice the assessors’ petitions in these matters. See La. C.C.P. art. 934 (“If the grounds of the objection raised through the exception cannot be so removed, ... the action, claim, demand, issue, or theory shall be dismissed.”).
DECREE
For the foregoing reasons, we reverse the lower court decisions in these consolidated cases and render judgment sustaining the peremptory exception of no right of action and dismissing the assessors’ petitions with prejudice.
EXCEPTION OF NO RIGHT ACTION SUSTAINED; DISMISSED.
VICTORY, Justice, dissents for the reasons assigned by Justice WEIMER.
WEIMER, Justice, dissents and assigns reasons.

. La. R.S. 47:1856(G) provides:
Any taxpayer asserting that a law or laws, including the application thereof, related to the valuation or assessment of public service properties is in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state shall file suit in accordance with the provisions of R.S. 47:2134(C) and (D). The provisions of R.S. 47:1856(E) and (F) shall be applicable to such proceedings', however, the tax commission and all affected assessors and the officers responsible for the collection of any taxes owed pursuant to such assessment shall be made parties to such suit. If such suit affects assessments of property located in more than one parish, such suit may be brought in either the district court for the parish in which the tax commission is domiciled or the district court of any one of the parishes in which the property is located and assessed. No bond or other security shall be necessary to perfect an appeal in such suit. Any appeal from a judgment of the district court shall be heard by preference within sixty days of the lodging of the record in the court of appeal. The appeal shall be taken thirty days from the date the judgment of the district court is rendered.