COX, J.
Appellant, Southern Natural Gas Company ("Southern"), appeals a judgment from the Third Judicial District Court, Parish of Union, State of Louisiana, wherein the trial court rendered a judgment in favor of Appellee, Mary T. Baker ("Baker"), granting the Clerk of Court's motion to impose court costs in the amount of $49,516.28, and an additional $6,000 in attorney fees. Southern prays that the district court's ruling be reversed and vacated, as it argues that the assessment of costs and attorney fees was an abuse of discretion. Southern contends that the costs of this appeal should be assessed against the Union Parish Tax Assessor. For the following reasons, we affirm the rulings of the district court.
FACTS
Southern is a corporate affiliate that provides natural gas storage, transportation, and balancing services in Louisiana and in interstate commerce. Its property is classified as "public service property" under La. R.S. 47:1851 and is thus subject to assessment at 25% of fair market value.
In the 1990s, ANR (Administration of Natural Resources) filed suits alleging that the Louisiana Tax Commission ("LTC") was treating other competing pipelines as though they were not public service property, i.e., assessing their property at only 15% and applying depreciation. Tennessee Gas Pipeline and Southern joined the suits in 2000 through 2003. The cases were later consolidated.
After a trial on the merits in 2005, the 19th Judicial District Court found that the LTC violated the taxpayers' rights to uniform taxation; however, the court rejected the taxpayers' claims for refunds. Instead, it ordered that the taxpayers' property be reassessed by parish assessors at 15% of fair market value, employing the same method used for the preferred companies.
*1082 Southern appealed, claiming it was entitled to a refund, not an assessment. The First Circuit Court of Appeal affirmed the district court's ruling, and both the Louisiana and United States Supreme Courts denied writs. When this judgment became final, the LTC formally ordered assessors to reassess the taxpayers' property.
On May 17, 2006, Southern filed its reassessment returns with the assessors of Ouachita, Union, and Lincoln Parishes. Southern reported the depreciated replacement cost of its property and requested a reduction in value for obsolescence. After a hearing in October 2009, the LTC ruled that the assessors had failed to adjust the fair market value for obsolescence, resulting in incorrect valuation and an abuse of discretion. The LTC ordered the assessors to reduce the valuations. Southern lodged an appeal in the 19th Judicial District Court.
On November 23, 2009, the assessors of Ouachita, Union, and Lincoln Parishes filed petitions for judicial review pursuant to La. R.S. 47:1998(A) and (D). Southern then filed the following exceptions: lis pendens, improper venue, lack of subject matter jurisdiction, no right of action, no cause of action, and prematurity. The district courts denied all exceptions. Southern applied for writs and a stay order, which this Court consolidated and denied on June 17, 2010. The Louisiana Supreme Court also denied writs and the stay.
A hearing was held on August 5, 2010, and the Third Judicial District Court found that there was no basis for the LTC to conclude that Baker, the Assessor for Union Parish, abused her discretion in denying Southern's request for reduction in value for obsolescence. The district court stated that the LTC exceeded its authority and reversed the previous rulings.
Southern appealed, challenging the ruling on the merits and re-urging its earlier exceptions. On April 13, 2011, this Court affirmed the decision on both the merits and exceptions in Jones v. Southern Natural Gas Co., 46,347 (La. App. 2 Cir. 4/13/11), 63 So.3d 1080, and the Louisiana Supreme Court denied writs on September 23, 2011, and reconsideration on November 4, 2011.
On August 18, 2011, the Union Parish Clerk of Court filed a motion to impose court costs, including attorney fees. On November 17, 2011, the Third Judicial District Court orally assessed costs against Southern. It did not hear the issue of attorney fees, as one party was not prepared to proceed on the issue at that time. The parties agreed that the issue would be submitted through filings without the necessity of a court hearing.
The parties submitted the judgment assessing courts costs, but, before the district court could sign the judgment, the Louisiana Supreme Court issued a stay across the State in all of these types of tax proceedings. At a conference call thereafter, all parties agreed that the judgment as to costs would not be signed nor any action taken with respect to the issue of attorney fees until the stay was lifted.
The district court was not notified that the stay was lifted and was unable to locate anything filed in the record indicating that the stay was lifted; however, all parties to the action agreed that the stay had been lifted. On June 27, 2016, the district court entered its order and written reasons assessing costs against Southern, but ordered additional briefs on the issue of attorney fees.
On October 27, 2016, the district court entered a final judgment ordering Southern to pay the Clerk of Court $49,516.28 in costs, and an additional $6,000 in attorney fees. In its reasons for judgment, the district court stated that it found Southern's arguments to be without merit. It noted that the prior rulings and judgments in *1083 favor of the Assessor were final judgments.
Southern now appeals, setting forth seven assignments of error: (1) the district court failed to recognize it lacked subject matter jurisdiction to adjudicate the Assessor's action for judicial review and later failing to hold that its judgment in favor of the Assessor was an absolute nullity; (2) the district court failed to recognize that Southern did not incur the costs it was ordered to pay; (3) the district court failed to find that Southern was, in the end, the prevailing party; (4) the district court failed to recognize that the Clerk's claim for costs had been abandoned and was prescribed; (5) the district court failed to find that the imposition of costs upon Southern was inequitable and unjust; (6) the district court failed to find that the Clerk's claim for costs was grossly excessive; and, (7) the district court erred in finding that the Clerk was entitled to an award of attorney fees.
DISCUSSION
Subject Matter Jurisdiction
Southern alleges that the Third Judicial District Court lacked subject matter jurisdiction to adjudicate the Assessor's action for judicial review. Southern's exception of subject matter jurisdiction has been repeatedly denied by the district court, as well as this Court. Southern has challenged these rulings by writ application, which were denied by this Court and the Louisiana Supreme Court. Although this Court does not ordinarily reconsider matters after the denial of a writ, pursuant to URCA 2-18.7, we will briefly address the exception.
As stated, in November 2009, Baker filed a petition for appeal (judicial review) in the Third Judicial District Court appealing the LTC's final determinations. Baker presented herself as a tax-recipient body affected by the ruling under review who was in accordance with the provisions of La. R.S. 47:1998, which states:
Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment.
In Martin v. ANR Pipeline Co., 2011-2079 (La. 5/8/12), 93 So.3d 575, the Louisiana Supreme Court found the case to be "procedurally similar in posture" to Gisclair v. Louisiana Tax Com'n , 10-0563 (La. 9/24/10), 44 So.3d 272 (" Gisclair II "). Citing Gisclair II , the Court stated that the right to bring an "as applied" challenge regarding the tax valuation of public service property belonged to the public service taxpayer alone. Under this rationale, the assessors could not "circumvent the constitutional and statutory framework relating to the assessment of public service properties by filing petitions for judicial review in their home parishes pursuant to La. R.S. 47:1998 in connection with the reassessment valuations in question." Martin, supra .
However, in ANR Pipeline Co. v. Louisiana Tax Com'n , 2011-2078 (La. 5/8/12), 94 So.3d 734, the Louisiana Supreme Court stated that Gisclair II was "not determinative of whether the assessors have a right to assert a cross-appeal against the taxpayers[.]" The Court recognized that in Gisclair II , an assessor filed suit against the LTC to challenge the application of the relevant laws governing the tax valuation of public service properties.
*1084 In ANR Pipeline Co. , however, the assessors did not initiate the action. Instead, they "sought to participate in the action that had been filed by the taxpayers." ANR Pipeline Co., supra at 749.
Like ANR Pipeline Co. , we find that the instant case is distinguishable from the facts of Gisclair II . Baker sought to participate in a suit that had already been filed by Southern against the LTC, as she, too, disagreed with the LTC's final determinations. At the time Baker filed her petition for judicial review, she was not a party to the taxpayers' action. However, by the time of the hearing on the taxpayers' exception of no right of action, numerous assessors had been named by Southern as defendants to the action. Baker was among the assessors named.
Southern filed its supplemental petition under La. R.S. 47:1856(G), which governs this case. The statute reads, in part:
Any taxpayer asserting that a law or laws, including the application thereof, related to the valuation or assessment of public service properties is in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state shall file suit in accordance with the provisions of R.S. 47:2134(C) and (D). The provisions of R.S. 47:1856(E) and (F) shall be applicable to such proceedings; however, the tax commission and all affected assessors and the officers responsible for the collection of any taxes owed pursuant to such assessment shall be made parties to such suit.
(Emphasis added).
Even if the Assessor's right prior to being named as a party defendant was limited to intervention, once she was named as a defendant in the action, as required by La. R.S. 47:1856(G), Baker "could not be deprived of a right to also challenge the LTC's final determination of the reassessment valuations by way of cross-appeals." ANR Pipeline Co., supra at 749,. Therefore, any question regarding the Assessor's procedural status in this case was rendered moot when the taxpayers' pleadings were amended to expressly name Baker as a defendant. We thus find that the district court properly denied the taxpayers' exception.
La. R.S. 47:1856(G) further states:
If such suit affects assessments of property located in more than one parish, such suit may be brought in either the district court for the parish in which the tax commission is domiciled or the district court of any one of the parishes in which the property is located and assessed.
(Emphasis added).
This statute gave the Assessor the option to file suit in the district court of any one of the parishes in which the property was located and assessed. Southern has pipelines located and assessed all over Louisiana. A portion of Southern's pipelines were located and assessed in Union Parish. Therefore, Baker's suit filed in Union Parish at the Third Judicial District Court was proper.
Additionally, Southern argues that the district court's lack of subject matter jurisdiction resulted in its judgment being an absolute nullity. As we have already determined the district court had subject matter jurisdiction, this argument lacks merit.
Costs
Incurred Costs
Southern first argues that the costs were incurred by the Assessor, and it would be unjust to require Southern to pay them. Specifically, Southern contends the costs were incurred by the Assessor "because she improperly brought the action for judicial review that necessitated the filing of the LTC administrative record[.]"
*1085 We have already determined that, because she was named a defendant by Southern, Baker's suit challenging the LTC's final determination was proper.
The parties to this suit reached a settlement, but it appears from the record that the settlement did not address who would pay court costs, despite it being an outstanding issue. For this reason, the district court entered a judgment assessing costs as previously awarded against Southern.
Under La. C.C.P. art. 1920, costs shall be paid by the party cast, unless the judgment provides otherwise. La. R.S. 13:4533 sets out the expenses that are allowed to be taxed as costs, which include "the costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court." The trial court has great discretion in awarding costs, and its assessment of costs can be reversed only upon a showing of abuse of discretion. Curry v. Healthsouth N. Rehab. Hosp.-Homer Campus , 46,-15 (La. App. 2 Cir. 3/11/11), 58 So.3d 1143, 1150.
Both the judgment from this Court in 2011 and the Third Judicial District Court in 2016 imposed costs against Southern. The prior rulings and judgments in favor of the Assessor are final judgments.
Baker and the LTC stated that the entire record was filed because "attorneys for the involved pipeline companies had taken the position that the [LTC] was concealing evidence in other parishes[.]" In its Amicus Curiae brief, the LTC added that counsel for Southern did not deny that statement nor did they object to the filing of the entire record at that time. Further, the LTC stated it agreed with the positions taken by the Assessor and Clerk of Court regarding the outcome of this suit.
From the record, it appears Southern required the entire record to be filed under the suspicion that the LTC was concealing evidence. By its own admission, Southern stated in its brief that the LTC attempted to lodge a reduced administrative record to which Southern objected because it included only three of the taxpayers' exhibits, all of the assessors' exhibits, and a compact disc containing the transcript of the proceeding. Southern was obviously not satisfied with the reduced record, leading the LTC to lodge the entire record.
Although Southern was not responsible for filing the record, it required the entire record to be filed in this proceeding, and it was the party cast in judgment with costs. The district court did not abuse its discretion in imposing court costs against Southern based on the record before this Court.
Prevailing Party
Next, Southern contends that it was, in the end, the prevailing party since the Louisiana Supreme Court dismissed the cases of other assessors who brought home-parish judicial review suits. The Louisiana Supreme Court did not, however, dismiss Baker's home-parish judicial review suit.
It is apparent from the record that Southern was not the prevailing party. Southern's numerous exceptions were denied by the district court in 2010. Its writ applications to this Court and the Louisiana Supreme Court were denied. In Jones v. Southern Natural Gas Co. , supra , this Court again found that the district court did not err in denying Southern's exceptions and assessed all costs against ANR Pipeline Co., Tennessee Gas Pipeline Co., and Southern. In October 2016, the district court again rendered judgment against Southern and imposed court costs and attorney fees.
This argument lacks merit.
*1086 Abandoned/Prescribed Claim
Southern asserts that the Clerk of Court's claim for costs was abandoned. Southern contends that nothing was done between a conference call on March 5, 2012, and the Clerk of Court's ex parte letter to the court on October 22, 2015.
La. C.C.P. art. 561(A)(1) states:
An action, except as provided in subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in a trial court for a period of three years, unless it is a succession proceeding.
On August 18, 2011, the Clerk filed a motion to impose court costs requesting either the plaintiff or defendant pay all court costs in the underlying suit. After the motion was filed, neither the Assessor nor Southern moved to have the Clerk named as a party. It is clear from the record that the Clerk is not and has never been a party to this suit. La. C.C.P. art. 561(A)(1) is not applicable. The Clerk's claim was not abandoned.
Southern also points to La. R.S. 13:843.1, which states in pertinent part:
Not later than ninety days after receipt of written verification of final termination of a civil suit, the clerk of each district court shall comply with either of the following:
(1) Refund to the plaintiff or plaintiffs any unused balance remaining in the clerk's advance deposit fund to the credit of the particular suit.
(2) Issue to the party primarily liable a demand for payment of any accrued costs in excess of the advance deposit supported by an itemized account of these accrued costs.
On December 16, 2011, the Louisiana Supreme Court entered a stay of all court proceedings pertaining to reassessments resulting from the decision in ANR Pipeline v. Louisiana Tax Com'n , 2005-1142 (La. App. 1 Cir. 9/7/05), 923 So.2d 81, writ denied , 05-2372 (La. 3/17/06), 925 So.2d 547, cert. denied , 549 U.S. 822, 127 S.Ct. 157, 166 L.Ed. 2d 38 (2006), pending further orders of the Court. In its reasons for ruling on June 27, 2016, the district court noted that it was not notified that the stay was lifted and was unable to locate anything filed in the record indicating that the stay was lifted or when the stay was lifted. However, the district court stated that all parties agreed that the stay had been lifted.
With nothing in the record from the Louisiana Supreme Court stating that the stay was lifted, it would have been impossible for the Clerk to know that the suit was finally terminated. It is clear, however, that the stay was lifted, as the Court made a final ruling in ANR Pipeline Co. v. Louisiana TaxCom'n, supra , in 2012. Without any written verification, the Clerk's 90-day period to demand payment would not have commenced. Thus, the Clerk's motion to impose court costs filed on August 18, 2011 was timely.
Imposition of Costs was Inequitable and Unjust
Even if properly characterized as the party cast, Southern argues it would still be inequitable to have the company pay costs because it did not bring the "baseless" underlying suit. Southern also contends that the LTC was a losing party and should be responsible for a portion of the costs.
As an exhibit to her motion to impose costs, the Clerk filed a 16-page ledger report that breaks down each individual cost in this suit. The exhibit shows that the Assessor's office had a balance of $48,790.06; the Clerk's office had a balance of $6; and, Southern had a balance of $358.80. However, La. R.S. 13:4521(A)(1) states, in part:
*1087 [W]hen a final judgment is rendered dismissing all claims against the state, a political subdivision, or agent, officer, or employee thereof and when the judgment taxes costs of the state, political subdivision, or agent, officer, or employee thereof against the opposing party in accordance with the provisions of Code of Civil Procedure Article 1920, the opposing party shall be condemned to pay the temporarily deferred court costs.
Both the LTC and the Assessor are not required to pay court costs under this statute, unless ordered to do so by the court. This Court and the district court have already imposed court costs against Southern. There is nothing inequitable or unjust about casting Southern, the losing party, with costs, as required under La. C.C.P. art. 1920. As such, these arguments lack merit.
Claim for Costs was Grossly Excessive
Finally, Southern insists that the Clerk's claim for costs was grossly excessive. It states that the balance of costs claimed by the Clerk do not reflect the actual cost of the services provided by her office.
La. R.S. 13:4533 allows the Clerk of Court to have its costs in a suit taxed as court costs. The Clerk notes that the cost for filing the record was done in accordance with La. R.S. 13:841(A)(2), which states that the Clerk may be entitled to demand and receive $6 for the first page and $4 for each subsequent page.
In its brief, Southern contends that the costs are "out of proportion to the value of [the Clerk's] services." As shown by the facts contained in the record, the Clerk filed a 16-page ledger report breaking down each individual cost incurred in this suit. By letter dated September 13, 2010, and addressed to Southern, the Clerk's office advised Southern that the balance of the Clerk's costs were $48,899. In her motion, the Clerk asked that all court costs for this suit be paid.
In its 2016 ruling, the district court ultimately imposed $49,516.28 in court costs against Southern. The LTC's record contained 359 consolidated appeals. Based on the record and exhibits, there is nothing grossly excessive about this award. We thus affirm the district court's imposition of court costs against Southern in the amount of $49,516.28.
Attorney Fees
Southern argues that because the award of costs was without legal basis, there was no basis for the district court's award of legal fees. La. R.S. 13:843(B)(3) provides:
The clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule.
As we have already determined that there was a legal basis for the awarding of costs, this argument is without merit.
Southern does not contest the amount of attorney fees, only whether the attorney fees are costs. In its brief, Southern stated it did not contest the amount of attorney fees awarded if this Court found that the right to costs assessed against the company was to be enforced. As this Court has found that the costs imposed against Southern be enforced, the district court's award of $6,000 in attorney fees is affirmed.
CONCLUSION
For the foregoing reasons, we affirm the rulings of the district court. We find that the Third Judicial District court had subject matter jurisdiction to adjudicate the Assessor's action for judicial review, which was correctly brought under La. R.S. 47:1856(G). Because the district court had subject matter jurisdiction, the judgment *1088 in favor of the Assessor was not an absolute nullity.
As the Clerk of Court was not a party to this suit, we find that the claim for costs was not abandoned or prescribed.
We recognize Southern as the losing party in this case, as exhibited by the judgments in the record. The imposition of costs upon Southern was not inequitable or unjust since it was cast as the losing party under La. C.C.P. art. 1920. Additionally, the LTC and the Assessor are exempted from the payment of court costs in this suit by statute.
Furthermore, the Clerk's claim for costs was not grossly excessive. The record filed by the LTC was extremely large. As of 2010, the case ledger report showed each cost incurred in this suit, which equaled $48,437.26.
We, therefore, affirm the district court's 2016 ruling, imposing court costs against Southern in the amount of $49,516.28. Additionally, we affirm the award of attorney fees in the amount of $6,000, as Southern did not contest the amount if the court costs were enforced. Costs associated with this appeal are assessed to the appellants.
AFFIRMED.